# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LANEER EVERETT,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 17-CV-523-JPS
Criminal Case No. 10-CR-167-2-JPS

**ORDER**

   On April 12, 2017, Laneer Everett ("Everett") filed a motion pursuant to 28 U.S.C. § 2255, asserting that his conviction and sentence were imposed in violation of the Constitution. (Docket #1). The Court now turns to screening Everett's motion under Rule 4 of the Rules Governing Section 2255 Proceedings, which requires the Court to promptly examine the motion and dismiss it "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that [Everett] is not entitled to relief." For the reasons stated below, the Court finds that Everett presents no colorable basis for habeas relief and, as a result, his motion must be denied.

**1.  BACKGROUND**

   In his criminal case, Everett was charged by indictment with one count of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2; one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), and 2; one count of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(I); and one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g) and

924(a)(2). (Case No. 10-CR-167-2, Docket #9). On May 6, 2011, he agreed to plead guilty to the narcotics offense. (Case No. 10-CR-167-2, Docket #86). The other counts were dismissed by agreement with the government. *Id.*

On May 17, 2012, judgment was entered on Everett's offense of conviction. (Case No. 10-CR-167-2, Docket #154). He was sentenced to 180 months of imprisonment and 5 years of supervised release. *Id.* at 2–3. In his presentence investigation report, which the Court adopted at sentencing, Everett was assessed the career-offender enhancement under U.S. Sentencing Guideline § 4B1.1. That Guideline provides that those who qualify as "career offenders" must be given certain offense level and criminal history category increases. U.S.S.G. § 4B1.1(b). A defendant is a career offender if (1) he was at least eighteen years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. *Id.* § 4B1.1(a). As will be explained further below, in this case Everett challenges the third element, arguing that he does not have enough qualifying predicate offenses to be considered a career offender.

At the time Everett was sentenced, the term "crime of violence" as used in the Guidelines was defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" *Id.* § 4B1.2(a) (emphasis

added). The italicized portion of this definition is known as the "residual" clause.[1]

As noted in Everett's presentence investigation report, he has three prior felony convictions considered to form predicates for his career-offender enhancement. One is delivery of cocaine, in violation of Wisconsin state law, which undoubtedly counts as a "controlled substance offense" under U.S.S.G. § 4B1.2(a)(3) (and Everett does not argue otherwise). *See* U.S.S.G. § 4B1.2(b). The other two convictions are for fleeing/eluding a police officer as an operator of a vehicle, in violation of Wis. Stat. § 346.04(3). These offenses were viewed at sentencing as crimes of violence under the residual clause of U.S.S.G. § 4B1.2(a)(2). Without these offenses counted into the analysis, Everett would not have enough predicate offenses to qualify for the career-offender enhancement.

**2.    DISCUSSION**

   **2.1    Everett's Claims**

Against this backdrop, the Court analyzes Everett's present motion. Initially, Everett acknowledges that his motion falls well outside the one-year

---

[1] Pursuant to Amendment 798 to the Guidelines, effective August 1, 2016, the Sentencing Commission deleted the residual clause contained in U.S.S.G. § 4B1.2(a)'s definition of "crime of violence" and replaced it with language that simply enumerates specific offenses that can be considered crimes of violence. Amendment 798 was not made retroactive, *see* U.S.S.G. § 1B1.10(d) (listing amendments to be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2)); *United States v. Delapp*, Case No. 1:13CR00036-008, 2016 WL 8234984, at *1 n.2 (W.D. Va. Oct. 31, 2016), and it is therefore not applicable to Everett, U.S.S.G. § 1B1.11 ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."); *Belton v. United States*, 71 F. App'x 582, 583 (7th Cir. 2003) (noting that Section 1B1.10 of the Guidelines defines which amendments may be applied retroactively).

limitations period for motions under Section 2255, whether considered in relation to the date his conviction became final or when the time period for filing a challenge under *Johnson v. United States*, 135 S. Ct. 2551 (2015), expired. *See* (Docket #1 at 4–5); 28 U.S.C. § 2255(f). He claims that the limitations period should be tolled because his counsel prevented him from learning the facts supporting his claims. (Docket #1 at 4). In the motion, Everett raises two claims. First, he asserts that his counsel was constitutionally ineffective for failing to file a motion challenging his career-offender enhancement under the Guidelines in light of *Johnson*, since his Wisconsin vehicular flight convictions are not crimes of violence and should not have been considered predicates for purposes of the enhancement. *Id.* at 9–11. Second, Everett contends that because he does not qualify as a career offender under the Guidelines, he is entitled to a two-point offense level reduction under Amendment 782 to the Guidelines as to his narcotics conviction. *Id.*

The Court need not reach the question of whether Everett's counsel was constitutionally ineffective, however, because neither of Everett's underlying claims has any merit, and so his counsel cannot have been ineffective for failing to present them. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (in order to prove ineffective assistance of counsel, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"); *Ross v. United States*, 339 F.3d 483, 492 (7th Cir. 2003) ("When applying *Strickland*, if we can more easily dispose of an ineffective assistance claim based on lack of prejudice, we should follow that route."). The Court discusses each claim in turn.

## 2.2 Violation of Wis. Stat. § 346.04(3) is a Crime of Violence

The main thrust of Everett's motion is that his prior convictions for vehicular flight, in violation of Wis. Stat. § 346.04(3), are not crimes of violence under the Guidelines' definition and should not have formed predicates for his career-offender enhancement. (Docket #1 at 9–10). His position is incorrect. To start, the Wisconsin vehicular flight statute provides, in relevant part, that

> no operator of a vehicle, after having received a visual or audible signal from a traffic officer, or marked police vehicle, shall knowingly flee or attempt to elude any traffic officer by willful or wanton disregard of such signal so as to interfere with or endanger the operation of the police vehicle, or the traffic officer or other vehicles or pedestrians, nor shall the operator increase the speed of the operator's vehicle or extinguish the lights of the vehicle in an attempt to elude or flee.

Wis. Stat. § 346.04(3). This statute also prohibits, in separate subsections, mere failure to comply with a traffic officer's direction by any person, disobedience to such a signal by a driver of a vehicle, and knowing resistance to such a signal by failing to stop "as promptly as safety reasonably permits." *Id.* § 346.04(1)–(2t). Based on the wording and structure of the statute, a violation of Subsection (3) is the most serious form of offense. *See id.* Both of Everett's vehicular flight offenses were violations of Subsection (3).

Before discussing the relevant precedent, the Court will briefly review how such a statute is analyzed for purposes of determining whether it meets the definition of "crime of violence" given in the Guidelines. Courts first try to examine the statute in question using the "categorical approach," which asks whether a generic form of the offense meets the relevant definition in

the Guideline. *United States v. Lynn*, 851 F.3d 786, 795 (7th Cir. 2017). Here, because only a portion of the Guidelines at issue is the residual clause, the question becomes whether a generic form of the offense in question, without reference to the defendant's actual conduct, involves conduct that presents a serious potential risk of physical injury to another. *United States v. Miller*, 721 F.3d 435, 437 (7th Cir. 2013); *James v. United States*, 550 U.S. 192, 197 (2007). Asking whether an offense poses a serious risk of injury is more open-ended than, for example, comparing a state's definition of burglary to the common-law definition. Thus, in applying the categorical approach to the residual clause, courts often look to whether the offense in question poses a sufficient risk "as guided by the types and degrees of risks presented by the enumerated crimes—burglary, arson, extortion, and crimes involving the use of explosives." *Miller*, 721 F.3d at 439.

If the statutory definition of the offense is the same as (or narrower than) the Guidelines definition—that is, the generic definition—the offense can be counted as a crime of violence. *United States v. Edwards*, 836 F.3d 831, 835 (7th Cir. 2016). But if the statute defines the offense more broadly than the Guidelines, the prior conviction does not count, "even if the defendant's actual conduct (i.e., the facts of the crime)" would fit within the Guidelines definition. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). However, if a statute is "divisible" into several categories, courts apply a "modified categorical approach," wherein they examine a limited class of judicial records to determine which specific category of offense the defendant committed. *Edwards*, 836 F.3d at 835; *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). In *Mathis*, a decision issued just last year, the Supreme Court explained that the bar for finding that a statute divisible is high: such a

statute must define one or more elements of the crime in the disjunctive rather than merely listing several alternative factual means to commit a crime. *Mathis*, 136 S. Ct. at 2253.

This analytical framework animates the precedent underlying the Court's decision in this case. In *United States v. Dismuke*, 593 F.3d 582, 589 (7th Cir. 2010), the Seventh Circuit found that Subsection (3) of Wis. Stat. § 346.04 was divisible into two categories. The first category is fleeing or attempting to elude an officer "by willful or wanton disregard of [the officer's] signal so as to interfere with or endanger the operation of the police vehicle, or the traffic officer or other vehicles or pedestrians." Wis. Stat. § 346.04(3). The second is "increas[ing] the speed of the operator's vehicle or extinguish[ing] the lights of the vehicle in an attempt to elude or flee." *Id.* The court therefore applied the modified categorical approach and determined, based on the relevant judicial records, that the defendant's offense fell within the second category. *Dismuke*, 593 F.3d at 589.[2]

The Court of Appeals held that a prior conviction under the second category of Wis. Stat. § 346.04(3) qualified as a "violent felony" for purposes of sentence enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "(I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of*

---

[2] Because the *Dismuke* decision pre-dated *Mathis*, the Seventh Circuit was applying a less stringent divisibility analysis. As will be discussed further below, this discrepancy does not affect the Court's decision here. *See infra* note 6.

*physical injury to another.*" 18 U.S.C. § 924(e)(2)(B) (emphasis added). Of note in this analysis, the emphasized portion of this definition is identical to the analogous clause in the career-offender Guideline, U.S.S.G. § 4B1.2(a)(2), and it is also referred to as the "residual" clause. Because they are identical, precedent analyzing either clause is interchangeable. *Edwards*, 836 F.3d at 835 n.2.

In *Dismuke*, the Court of Appeals found that an offense under the second category of Wis. Stat. § 346.04(3) did not have "as an element the use, attempted use, or threatened use of physical force against the person of another," nor was it listed among the exemplar offenses in the second clause of the ACCA. *See Dismuke*, 593 F.3d at 589. Nevertheless, the court concluded that the offense fell within the ACCA's residual clause because it involved conduct that "presents a serious potential risk of physical injury to another." *Id.* at 594. Thus, the offense constituted a violent felony and was a viable predicate for sentence enhancement under the ACCA. Relying on *Dismuke*, the Court of Appeals later concluded that a violation of Wis. Stat. § 346.04(3) also constitutes a crime of violence for purposes of the career-offender Guideline. *United States v. Jenkins*, 417 F. App'x 548, 549 (7th Cir. 2011).[3]

In the present motion, Everett seizes upon the fact that in 2015, the Supreme Court invalidated the residual clause of the ACCA, finding that it is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2560. Under Everett's approach, *Johnson* implicitly overruled *Dismuke*'s holding that vehicular

---

[3]The *Jenkins* court did not engage in a categorization analysis and did not specifically find that the offense in question fell within the second category of Wis. Stat. § 364.04(3). This may have been true as a matter of fact in that case, but the Seventh Circuit simply did not say one way or another.

flight is a violent felony under the ACCA, since that holding rested entirely on the ACCA's residual clause. In his view, because such an offense cannot be categorized as a violent felony under the ACCA in light of *Johnson*, it follows that the same offense cannot be considered a crime of violence under the residual clause of the career-offender Guideline.[4]

He is wrong for two interrelated reasons. First, earlier this year, the Court found that the residual clause of the career-offender Guideline, unlike the ACCA, is not subject to a due-process vagueness challenge. *Beckles v. United States*, 137 S. Ct. 886, 897 (2017). As far as this Court is aware, the residual clause of that Guideline has not been successfully challenged on other grounds, and Everett advances no reason to question it beyond his reference to *Johnson*. As a result, the career-offender Guideline's residual clause is still valid. Thus, it is still possible for Everett's Wisconsin vehicular flight offenses to be classified as crimes of violence under the Guidelines' residual clause.

This leads to the second reason why Everett's position is misguided: pre-*Johnson* authority on how to classify offenses under the residual clause remains viable, and it shows that violation of Wis. Stat. § 346.04(3) must be deemed a crime of violence. Here, the Supreme Court's decision in *Sykes v.*

---

[4]In a letter, Everett's counsel advised him that "courts no longer recognize fleeing/eluding as contributing to career offender status." (Docket #1 at 13). This opinion probably rests on recent amendments to the Guidelines' definition of "crime of violence," which have removed the residual clause. *See supra* note 1. But the Guidelines definition in force at the time of Everett's sentencing controls, *see id.*, and it included the residual clause discussed herein. Moreover, to the extent counsel suggests *Johnson* had some effect on the classification of Everett's vehicular flight offenses under the career-offender Guideline, he cites no authority for this proposition, and the applicable law reviewed in this Order leads this Court to disagree.

*United States*, 564 U.S. 1 (2011), which post-dates *Dismuke*, controls. The Court, examining the Indiana vehicular flight statute, applied the categorical approach in determining whether an offense under the statute qualified as a violent felony under the ACCA's residual clause. *Id.* at 7–8. The Indiana statute, similar to Wisconsin's, set forth several subsections defining escalating types of vehicle flight, which Justice Kagan summarized in her dissent as "flight resulting in death; flight resulting in physical injury; flight creating a substantial risk of physical injury; flight." *Id.* at 43 (Kagan, J., dissenting); Ind. Code § 35-44-3-3. The defendant in *Sykes* was convicted of the least serious of these, which Justice Kagan called "simple vehicular flight" as distinguished from its more aggravated varieties. *Sykes*, 564 U.S. at 36, 43 (Kagan, J., dissenting).

Because the majority assessed the statute as a whole under the categorical approach, it had to consider whether generic vehicular flight could be considered a violent felony, without mincing it into simple or aggravated forms. *See id.* at 14. In doing so, the majority emphasized that "[r]isk of violence is inherent to vehicle flight." *Id.* at 10. The Court explained that

> the determination to elude capture makes a lack of concern for the safety of property and persons of pedestrians and other drivers an inherent part of the offense. Even if the criminal attempting to elude capture drives without going at full speed or going the wrong way, he creates the possibility that police will, in a legitimate and lawful manner, exceed or almost match his speed or use force to bring him within their custody. A perpetrator's indifference to these collateral consequences has violent—even lethal—potential for others. A criminal who takes flight and creates a risk of this dimension takes action similar in degree of danger to that involved in arson, which

> also entails intentional release of a destructive force dangerous to others. This similarity is a beginning point in establishing that vehicle flight presents a serious potential risk of physical injury to another.

*Id.* at 9; *see also United States v. Howze*, 343 F.3d 919, 922 (7th Cir. 2003) (vehicular flight under Wis. Stat. § 346.04(3) is a violent felony because "[b]ystanders are in particular jeopardy" and "[c]ollisions between fleeing vehicles and pedestrians or others who get in the way are common."). Indeed, given the nature of vehicular flight, the Court concluded that it posed a "more certain risk [of physical harm] as a categorical matter than burglary," one of the enumerated offenses in the ACCA's definition of "violent felony." *Sykes*, 564 U.S. at 10. Thus, the Court concluded that vehicular flight is, as a categorical matter, a violent felony under the ACCA because it poses a serious potential risk of physical injury to others. *Id.* at 11.

*Sykes* points inescapably to the conclusion that vehicular flight under Wis. Stat. § 346.04(3) must be classified a crime of violence under the Guidelines. First, it is notable that the *Sykes* Court, viewing vehicular flight as a whole—both simple and aggravated—found that it posed a serious risk of injury to others. *Id.* This Court could place a full stop there, as it is indisputable that Everett committed some form of vehicular flight.

Yet this case is even clearer than *Sykes* because it implicates an aggravated form of vehicular flight. Despite disagreements on the Court about whether they should contrast simple and aggravated forms of flight, it is apparent that the nearly the entire Court would have agreed that some aggravated form of vehicular flight should be classified as a violent felony. *Sykes*, 564 U.S. at 16; *id.* at 16 (Thomas, J. concurring in the judgment) ("I

agree with the Court that the Indiana crime of intentional vehicular flight is a 'violent felony' under the [ACCA].") (internal citations omitted); *id.* at 43–44 (Kagan, J., dissenting) (concluding that aggravated vehicular flight, which "creates a substantial risk of bodily injury to another person," should be considered a violent felony, while simple vehicular flight should not).[5]

The structure of Wis. Stat. § 346.04 reveals that Subsection (3) constitutes the most aggravated form of vehicular flight in Wisconsin. Moreover, its language demonstrates that any offense under this subsection by its nature involves a serious potential risk of physical injury. As the Supreme Court reasoned in *Sykes*, the simple decision to elude an officer, whether or not done in an especially dangerous way, raises the distinct possibility of tragic results for the offender, the officer, and bystanders. *Id.* at 9. In this case, the fundamental tenet of Subsection (3) is that the offender has decided to knowingly evade a traffic officer by some means. Thus, the Court is obliged to conclude that, under *Sykes*, any violation of Wis. Stat. § 346.04(3)

---

[5]Justice Scalia expressed no opinion on this point in his dissent; he argued that the ACCA's residual clause should simply be found void for vagueness. *Sykes*, 561 U.S. at 35 (Scalia, J., dissenting).

is a crime of violence for Guidelines purposes.[6]

This is true notwithstanding the Seventh Circuit's suggestion otherwise in *United States v. Coleman*, 380 F. App'x 530 (7th Cir. 2010). There, the Seventh Circuit hinted that it might not find a vehicular flight offense under the first category of Wis. Stat. § 346.04(3)—that is, merely "disregarding a signal from a traffic officer"—to qualify as a crime of violence. *Id.* at 532. But this was only dictum, and to the extent *Coleman* is at

---

[6]Of course, *Dismuke* and *Jenkins* certainly point toward this conclusion, too. *Dismuke*, 593 F.3d at 594; *Jenkins*, 417 F. App'x at 549. But *Mathis* may call into question *Dismuke*'s conclusion that Subsection (3) is divisible, as it is arguable that both the first and second categories within that subsection are merely different means of satisfying the factual predicate of flight. *See Mathis*, 136 S. Ct. at 2248. Yet whether or not *Dismuke*'s divisibility analysis survives *Mathis*, *Sykes* shows that the Court views aggravated vehicular flight as inherently dangerous, and because Subsection (3) of Wis. Stat. § 346.04 defines the highest form of aggravated vehicular flight in Wisconsin, it does not matter whether there exists a first or second category of such an offense, much less which one Everett committed.

Further, even if the Court followed *Dismuke* and found that Wis. Stat. § 346.04(3) was divisible, this would hurt, not help, Everett's case. The presentence report in his criminal case reveals that Everett's vehicular flight offenses would undoubtedly fall under the second, more serious category in Wis. Stat. § 346.04(3). In one such offense, officers observed Everett driving at a high rate of speed. They attempted to pull him over, but he fled. Some time later, Everett exited the vehicle while it was still moving and fled on foot. His vehicle struck a parked car. Officers eventually found and arrested him. In the other case, an officer could hear loud music coming from Everett's vehicle. The officer attempted to conduct a traffic stop, but as he began to walk toward the vehicle, Everett sped away. The officer returned to his vehicle to pursue and noted that Everett drove recklessly as he attempted to evade the officer. Everett drove into an empty parking lot, exited his vehicle, and fled on foot. He was eventually apprehended by police. Given the characteristics of Everett's vehicular flight offenses, they fall squarely within the second category of Wis. Stat. § 346.04(3). *See Coleman*, 380 F. App'x at 532 (finding that the defendant's conduct fell within the second category because it involved "actual fleeing" from police) (quotation marks omitted). This finding, in turn, would lead the Court to conclude, consistent with *Sykes*, *Dismuke*, and *Jenkins*, that Everett's offenses constitute crimes of violence for purposes of the Guidelines.

odds with the Supreme Court's later pronouncements in *Sykes*, this Court must follow *Sykes*. Accordingly, Everett's vehicular flight offenses under Wis. Stat. § 346.04(3) are properly considered crimes of violence under the residual clause of the career-offender Guideline, and it was therefore not inappropriate that he was assessed the career-offender enhancement.

### 2.3 Sentence Reduction Under Amendment 782

This conclusion undermines Everett's other claim, that he is entitled to a two-point offense-level reduction pursuant to Amendment 782, which affected base offense levels in narcotics cases. However, Amendment 782 had no effect on the Guideline for career offenders. It would alter his Guidelines range if his career-offender enhancement was invalid, and the Court has found otherwise. As a result, Amendment 782 affords Everett no relief here.

## 3. CONCLUSION

Since the claims discussed above are all the bases for relief Everett has presented, and because those claims are without merit, the Court is obliged to deny his motion under Section 2255.[7]

Finally, under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Everett must make a "substantial showing of the denial of a constitutional right" by establishing that

---

[7] For reasons unknown, Everett also appears to contend that the residual clause of Section 924(c)(3), which is identical to the ACCA residual clause, is void for vagueness. (Docket #1 at 6). This is true, *United States v. Cardena*, 842 F.3d 959, 995–96 (7th Cir. 2016), but irrelevant. Everett's Section 924(c) charge was dismissed under his plea agreement. It had no effect on his Guidelines calculation or his sentence.

"reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In light of the binding precedent on the issues raised in Everett's petition, as detailed above, the Court cannot fairly conclude that reasonable jurists would debate whether his motion should be decided differently; as a consequence, the Court must deny him a certificate of appealability.

The Court closes with some information about the actions that Everett may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See id.* 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P.

6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Section 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 15th day of May, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge